IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| vs. | : 3:CR-04-373 |
| | : |
| DAVID M. RHODES, | : JUDGE KOSIK |
| | : |
| Defendant. | : ELECTRONICALLY FILED |

## RHODES' MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUPPRESS/IN LIMINE

Defendant, David M. Rhodes, by his attorney, Patrick A. Casey, Esquire of Myers, Brier and Kelly, LLP, hereby submits the following brief in support of his Motion to Supress/In Limine:

### Relevant Factual Background & Procedural History

Rhodes was arrested on October 29, 2004 by way of criminal complaint and has been continually detained pending trial. A search of Rhodes' home and car was conducted on November 1, 2004 pursuant to a search warrant. The search warrant was devoid of probable cause to connect the location to be searched with the alleged criminal activity. On November 11, 2004 a one-count Indictment was filed alleging a purported violation of 18 U.S.C. § 115(b). On April 27, 2005, a two-count Superseding Indictment was filed alleging, in addition to the foregoing, a purported violation of 18 U.S.C. § 875(c). On October 18, 2005, a five-count second Superseding Indictment was filed alleging, in addition to the foregoing,

purported violations of 18 U.S.C. §§ 115 & 924(c). Several pretrial motions have been filed and ruled on by the Court. Jury selection and trial is scheduled for July 31, 2006.

Based on the information provided to the defense, it appears that the Government intends to introduce into evidence a number of physical and testimonial items that are excludeable under the Defendant's Fourth, Fifth and Sixth Amendment Constitutional rights, as well as, provisions of the Federal Rules of Evidence.[1]

**Argument**

**A. Search Warrant & Affidavit of Probable Cause**

Rhodes was arrested on October 29, 2004. On that same date, Special Agent Ryan applied for a search warrant. (See Ex. A to Mot.) The affidavit of probable cause attached to the search warrant is deficient in that it does not provide the Magistrate Judge any evidence on which to form a belief that the fruit of the alleged criminal activity are in any way connected with the Defendant's house, outbuilding, vehicles or storage devices.

---

[1] Rhodes acknowledges that the deadline for the filing of pre-trial motions is passed. He submits, however, that admission of evidence generated from an illegal search of his automobile, outbuildings and house would cause unfair prejudice and be contrary to a fair trial and due process. U.S. Const. amend. V.

The Fourth Amendment to the United States Constitution states as follows:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and *no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized*.

The affidavit of probable cause for the search warrant does not justify a search of the Defendant's house, vehicles or any outbuildings. There is no indication that the Defendant was at his home during any of the alleged criminal activity or that he placed any calls from his home. The only mention of the Defendant's home and telephone number is in paragraphs 4 and 17 of the Affidavit, neither of which provide an indication that the Defendant was there at the time of the alleged incident or that the fruits of the criminal activity may be located there. The affidavit is devoid of any probable connection to the residence at 1804 Long Run Road, Commonstone, Schuylkill Haven, Pennsylvania. Additionally, there is no mention of the Defendant's vehicle any where in the Affidavit.

Consequently, there was clearly no basis whatsoever to grant the search warrant, and the evidence gathered as a result of the search should be suppressed and excluded from the trial of this matter under the exclusionary rule.

### B. Authority

The reviewing court must determine if a practical, commonsense decision was made whether, given all the circumstances set forth in the affidavit before him there is a fair probability that contraband or evidence of a crime would be found in a particular place. United States v. Harvey, 2 F.3d 1318, 1322 (3d Cir. 1993). It is true of all warrants that "there must be a sufficient nexus between the contraband to be seized and the place to be searched. . ." United States v. Loy, 191 F.3d 360, 365 (3d Cir. 1999). The question is whether a "reasonably prudent officer should have known that the requisite nexus between the item to be seized and the place to be searched had not been established." Loy, 191 F.3d at 368.

In the case at bar, the police never made any probable cause connection to the residence and did not mention the Defendant's vehicle at all. Consequently, the prosecution neglected to establish the necessary nexus. United States v. Zimmerman, 277 F.3d 426, 432 (3d Cir. 2002). Where police make no connection between the probable cause and the place to be searched the good faith exception in Leon will not make reasonable a police officer's reliance on the warrant. Zimmerman, 277 F.3d at 436. Where the affidavit is deficient on its face, the fruits of the search must be suppressed.

## **Conclusion**

Rhodes requests that the fruits of the search (including knives, guns and all other physical evidence) of the residence and vehicles and outbuildings located at 1804 Long Run Road, Commonstone, Schuylkill Haven, Pennsylvania be suppressed.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey, Esquire
I.D. No. 50626
pcasey@mbklaw.com

Myers, Brier & Kelly, LLP
425 Spruce St., Suite 200
Scranton, PA 18503
Phone: (570) 342-6100
Fax: (570) 342-6147

Date: July 17, 2006

Attorney for David M. Rhodes

# CERTIFICATE OF SERVICE

I, Patrick A. Casey, Esquire, do hereby certify that I served a copy of the foregoing Brief in Support of Rhodes' Brief in Support of the Motion to Suppress/In Limine Submitted on Behalf of David M. Rhodes as follows:

ELECTRONIC MAIL

Todd K. Hinkley, Esquire
Assistant United States Attorney
235 North Washington Avenue
Scranton, PA 18503

FIRST-CLASS MAIL

David M. Rhodes
Lackawanna County Prison
1371 N. Washington Avenue
Scranton, PA 18509

/s/Patrick A. Casey
Patrick A. Casey, Esquire

Date: July 17, 2006