IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 3:CR-04-373 |
| | : | |
| DAVID M. RHODES, | : | JUDGE KOSIK |
| | : | |
| Defendant. | : | ELECTRONICALLY |
| | : | FILED |

### DAVID M. RHODES'S MOTION IN LIMINE
### PURSUANT TO F.R.E. 401, 402, 403, 404(b) AND 501

Defendant David M. Rhodes, by and through his undersigned counsel, hereby moves this Honorable Court pursuant to Rules 401, 402, 403, 404(b) and 501 of the Federal Rules of Evidence for the exclusion of certain evidence at trial, and in support thereof, avers as follows:

1. Defendant Rhodes was arrested on October 29, 2004 by way of criminal complaint.

2. On November 11, 2004, a one count indictment was filed alleging a purported violation of 18 U.S.C. § 115(a)(1)(B).

3. On April 27, 2005, a two-count Superseding Indictment was

filed alleging, in addition to the foregoing, a purported violation of 18 U.S.C. § 875(c).

4.   On October 18, 2005, a five-count Second Superseding Indictment was filed alleging, in addition to the foregoing, another violation of 18 U.S.C. § 115(a)(1)(B) and purported violations 18 U.S.C. § 924(c).

5.   In sum, Defendant Rhodes is charged with making illegal threats in violation of 18 U.S.C. §§ 115(a)(1)(B) and 875(c) on July 26, 2004 (Count 1) and October 27, 2004 (Counts 3 & 5). Defendant Rhodes is also charged with illegally using a firearm in violation of 18 U.S.C. § 924(c) on July 26, 2004 (Count 2) and October 27, 2004 (Count 4).

6.   Any evidence of events occurring outside the relevant time period(s) of July 24, 2006 and October 27, 2006 is irrelevant and inadmissible. See F.R.E. 401 & 402.

7.   In a letter dated April 7, 2006 from the prosecution to previous defense counsel, the government identifies various bad acts and statements of the Defendant they intend to use at trial. Specifically, the government identifies eleven witnesses who will purportedly testify as to statements and actions of Rhodes while

employed at FCI Schuylkill. (A copy of the April 7, 2006 letter is attached hereto as Exhibit "A.")

8. None of the events described in the April 7, 2006 letter are charged in the Indictment, and they all pre-date the purported crimes with which Rhodes is charged in the Second Superseding Indictment.

9. All of the evidence identified by the government in the April 7, 2006 letter should be excluded at trial as extrinsic, irrelevant, inadmissible and prejudicial. See F.R.E. 401, 402, 403 & 404(b).

10. In addition to the foregoing, evidence of psychological or psychiatric counseling and other medical treatment of the Defendant should be excluded at trial as irrelevant, inadmissible, prejudicial and privileged. See F.R.E. 401, 402, 403, 404(b) & 501 and 42 C.F.R. § 164.512(f).

11. Finally, evidence of the following specific items should be excluded at trial as irrelevant, inadmissable and prejudicial:

    a. Anything related to Rhodes's employment history including, but not limited to, alleged threats made by Rhodes during his employ;

    b.  All knives including drawings and testimony of drawings of knives;

    c.  All evidence of guns; and

    e.  The Defendant's arrest and the proffered "struggle."

WHEREFORE, based on the foregoing and as more fully set forth in the accompanying memorandum of law which is incorporated herein by reference, Defendant David M. Rhodes respectfully requests that the prosecution be prevented from introducing any evidence at trial of (1) actions or events that did not occur on July 26, 2004 and October 27, 2004; (2) psychological and psychiatric counseling or other medical treatment of the Defendant; (3) Defendant's employment history,

including alleged threats; (4) knives including drawings and testimony of drawings of knives; (5) guns; and (6) Defendant's arrest and the proffered "struggle."

          Respectfully submitted,

          /s/ Patrick A. Casey
          Patrick A. Casey, Esquire
          Pa. I.D. #50626
          pcasey@mbklaw.com

          Myers, Brier & Kelly, LLP
          425 Spruce St., Suite 200
          Scranton, PA  18503
          Phone:  (570) 342-6100
          Fax:     (570) 342-6147

          Attorney for David M. Rhodes

Date: July 27, 2006

## CERTIFICATE OF NON-CONCURRENCE

I, Patrick A. Casey, hereby certify that I contacted Todd K. Hinkley, Esquire, Assistant United States Attorney, to seek his concurrence/non-concurrence in this Motion. Mr. Hinkley does not concur.

                                        /s/Patrick A. Casey

Date: July 27, 2006

## **CERTIFICATE OF SERVICE**

I, Patrick A. Casey, Esquire, do hereby certify that a true and correct copy of the foregoing Motion in Limine Pursuant to F.R.E. 401, 402, 404, 404(b) and 501 was served upon the following counsel record by electronic mail on this 27th day of July, 2006:

>Todd K. Hinkley, Esquire
>Assistant United States Attorney
>235 N. Washington Avenue
>Scranton, PA 18503


>/s/ Patrick A. Casey