## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | No. 3:CR-04-373 |
| | : | JUDGE KOSIK |
| DAVID M. RHODES, | : | |
| | : | ELECTRONICALLY FILED |
| Defendant. | : | |

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## DAVID M. RHODES'S MOTION IN LIMINE
## PURSUANT TO F.R.E. 401, 402, 403, 404(b) AND 501

_____

## INTRODUCTION

The majority of the evidence the Government intends to introduce at trial is irrelevant, inadmissible, prejudicial and privileged.  Over the course of one year, the government mulled the evidence against the Defendant and twice amended the indictment eventually charging the Defendant with the crimes of making illegal threats and illegal use of a firearm.  The Government specifically and deliberately limited the charges against Defendant to July 24, 2006 and October 27, 2006.  The Government must now live with its decisions and the limitations those decisions place on the evidence admissible at trial.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Rhodes was arrested on October 29, 2004 by way of criminal complaint. On November 11, 2004, a one count indictment was filed alleging a purported violation of 18 U.S.C. § 115(a)(1)(B). On April 27, 2005, a two-count Superseding Indictment was filed alleging, in addition to the foregoing, a purported violation of 18 U.S.C. § 875(c). On October 18, 2005, a five-count Second Superseding Indictment was filed alleging, in addition to the foregoing, another purported violation of 18 U.S.C. § 115(a)(1)(B) and purported violations of 18 U.S.C. § 924(c). In sum, Rhodes is charged with making illegal threats in violation of 18 U.S.C. §§ 115(a)(1)(B) and 875(c) on July 26, 2004 (Count 1) and October 27, 2004 (Counts 3 & 5). Rhodes is also charged with illegally using a firearm in violation of 18 U.S.C. § 924(c) on July 26, 2004 (Count 2) and October 27, 2004 (Count 4).

In a letter dated April 7, 2006 from the prosecution to previous defense counsel, the government identifies various bad acts and statements of the Defendant they intend to use at trial. Specifically, the government identifies eleven witnesses who will purportedly testify as to statements and actions of Rhodes while employed at FCI Schuylkill. (A copy of the April 7, 2006 letter is attached to Def.'s Mot. as Ex. A.)

-2-

**ARGUMENT**

A.     **All Evidence Outside the Relevant Time Period as Established by the Government is Inadmissible as Irrelevant.**

Rule 402 of the Federal Rules of Evidence provides, in part, that "[e]vidence which is not relevant is not admissible." F.R.E. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the action more probable or less probable than it would be without the evidence." F.R.E. 401. "Relevance is not an inherent characteristic . . . .Relevance is relationship between the evidence and a material fact at issue which must be demonstrated by reasonable inferences . . . ." United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992).

A plain reading of the Second Superseding Indictment (Doc. 75) makes clear that the only evidence relevant to this case is of events occurring on July 26, 2004 and October 27, 2004 – the two dates referenced in every count of the Second Superseding Indictment. Both the nature of the crimes charged and the date limitations contained within the Second Superseding Indictment necessarily limit the evidence that is admissible at trial.

First, the only evidence relevant to the charges of making illegal threats on July 26, 2004 and October 27, 2004 (Counts 1, 3 & 5) is what happened

-3-

on those two dates during the phone calls at issue.  Evidence of anything else is irrelevant and does nothing to prove any element of the offense(s) charged.[1]

Second, the only evidence relevant to the charges of using, carrying and possessing a firearm *during*, in relation to and in furtherance of a crime of violence (Counts 2 and 4) is, by definition, limited to conduct that allegedly occurred "*during*" the so-called "crime of violence."  "During" is defined as "[t]hroughout the course of; throughout the continuance of; in the time of; after the commencement of and before the expiration of." Black's Law Dictionary p. 504 (6th ed. 1990).  Counts 2 and 4 of the Second Superseding Indictment once again make reference to July 26, 2004 and October 27, 2004.  Any evidence that Defendant used, carried or possessed a firearm at anytime other than during the alleged crime of violence on July 26, 2004 and October 27, 2004 (including any evidence that he merely visited a gun shop in October 2004) is simply not relevant and should be excluded at trial.

---

[1] Evidence of prior bad acts, alleged past threats, the reasons for Defendant's termination, knives and guns is not only irrelevant to proving any element of the offense(s) charged but strictly prohibited under Rules 404(b) and 403 as argued infra, pp. 5-7.

### B.   All Evidence of Prior Bad Acts, Guns and Knives is Inadmissible as Irrelevant, Impermissible and Prejudicial.

Rule 404(b) states that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." F.R.E. 404(b). "[C]haracter evidence which is offered to prove the likelihood that the defendant committed the particular crime is nevertheless inadmissible." United States v. Himelwright, 42 F.3d 777, 783 (3d Cir. 1994). "The  parameters of Rule 404(b) . . . are set by the material issues and facts the government must prove to obtain a conviction." Sampson, 883 F.2d at 888. "Character evidence . . . . 'is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad record and deny him a fair opportunity to defend against a particular charge.'" Id. at 886 (quoting Michelson v. United States, 335 U.S. 469, 475-76 (1948).)

Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." F.R.E. 403. "'Unfair prejudice' within its context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Notes F.R.E. 403.

The following factors must be met for the admission into evidence of prior uncharged bad acts: (1) the evidence must have a proper purpose under Rule 404(b); (2) the evidence must be relevant under Rule 402; (3) the evidence's probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it was admitted.  <u>Huddleston v. United States</u>, 485 U.S. 681, 691-92 (1988).  The proponent of prior bad acts evidence must clearly articulate how that evidence fits into a chain of logical inferences - not one of which can be that the defendant had the propensity to commit the crime charged.  <u>United States v. Morley</u>, 199 F.3d 129, 133 (3d Cir. 1999).

The purpose for which the government wishes to introduce the evidence contained in its April 7, 2006 letter (attached to Def.'s Mot. as Ex. A) directly contravenes the dictates of  Rule 404(b) as does the admission into evidence of guns or knives.  The Government seeks to admit other prior bad acts of Rhodes (including alleged threats) to show Rhodes acted in conformity therewith on July 26, 2004 and October 27, 2004.

The Second Superseding Indictment (Doc. 75) limits the criminal charges to two days: July 26, 2004 (Counts 1 & 2) and October 27, 2004 (Counts 3 through 5).  The prosecution deliberately chose not to charge the Defendant with

any other crimes including past threats.  Consequently, the prosecution defined the

relevant evidence by virtue of the dates upon which the crimes allegedly occurred.

In <u>Himelwright</u>, the United States Court of Appeals for the Third

Circuit reversed the district court's evidentiary ruling regarding the admission of

prior bad acts evidence stating:

> At best, the fact that Himelwright was found in
> possession of the firearms the day after he place the calls
> is indicative of his capability to carry out the threats.
> Evidence of capability, however, is not only unnecessary
> to satisfy the elements of section 875(c); it is likewise
> not included among the categories of admissibility to
> which Rule 404(b) is addressed.  Although evidence can
> be admitted even if it does not fit one of the specific
> exceptions listed in the Rule, character evidence which is
> offered to prove the likelihood that the defendant
> committed the particular crime is nevertheless
> inadmissible.  <u>Jemal</u>, 26 F.3d at 1272 (citing <u>Scarfo</u>, 850
> F.2d at 1019).  Here, the government sought to convince
> the jury that Himelwright's capability to carry out the
> threats or to injure, demonstrated through his possession
> of the firearms, made it more likely that he intended to
> do so.  Thus, while the government's argument was
> cloaked in terms of Himelwright's intent, the goal here
> was actually something different; it was to portray
> Himelwright as a person who possessed the wherewithal
> to do what he said he would do in order to demonstrate
> that it was more than likely that he intended the threats
> and had, therefore, committed the crime charged.

<u>Himelwright</u>, 42 F.3d 777, 783 (3d Cir. 1994).

Here as in <u>Himelwright</u>, the government seeks to introduce evidence

-7-

of the Defendant's prior bad acts to show that he acted in conformity therewith on the dates in question.  While the government will undoubtedly attempt to cloak the reason for the admission of such evidence in other terms, its true purpose is to paint a picture of the Defendant as a bad, scary person who possessed and/or possesses the ability to carry out a threat making it more likely he committed the crime and that he intended the threats.  This evidence is inadmissible and should be excluded at trial.

In the unlikely event the evidence of prior bad acts, guns or knives has even the slightest relevance to the crimes charged, it should still be excluded since its prejudicial effect far outweighs its probative value.  See Himelwright, 42 F.3d at 784 ( "But even assuming arguendo that Himelwright's gun possession is marginally relevant to the specific intent to extort, we nevertheless find that the probative value of the firearms was substantially outweighed by the resulting prejudice to Himelwright.")

**B.** **All Evidence of Psychiatric and Psychological Counseling as well as Other Medical Treatment of Defendant is Inadmissible as Irrelevant, Prejudicial and Privileged.**

Rule 501 of the Federal Rules of Evidence governs the application of privileges to which a person or witness may be entitled.  In accordance with Rule 501, the courts have specifically recognized a psychotherapist/patient privilege.

-8-

Jaffe v. Redmond, 518 U.S. 1 (1996).

The parties to this case have agreed not to introduce any evidence at trial of Defendant's psychological background including the fact that he sought treatment.  To the extent the government intends to introduce any evidence at trial of Defendant's medical care including psychiatric and psychological counseling, it should be precluded from doing so because any such evidence is protected by the psychotherapist/patient privilege and is, in any event, irrelevant and highly prejudicial.  F.R.E. 401, 403, 404(b) & 501; see also United States v. Schneider, 111 F.3d 197 (1st Cir. 1997).

## CONCLUSION

Based on the foregoing, Defendant David M. Rhodes respectfully requests that the following evidence be excluded at trial: (1) all evidence of events occurring on any date other than July 26, 2004 and October 27, 2004; (2) Defendant's employment history, including past threats; (3) all knives, including drawings and testimony of drawings of knives; (4) all guns; (5) testimony of the Defendant's arrest and the proffered "struggle"; and (6) all references to any

-9-

psychological and psychiatric counseling or other medical treatment of the

Defendant.

                                        Respectfully submitted,


                                        /s/ Patrick A. Casey_____
                                        Patrick A. Casey, Esquire
                                        Pa. I.D. #50626
                                        pcasey@mbklaw.com

                                        Myers, Brier & Kelly, LLP
                                        425 Spruce St., Suite 200
                                        Scranton, PA  18503
                                        Phone:  (570) 342-6100
                                        Fax:     (570) 342-6147

                                        Attorney for David M. Rhodes

Date: July 27, 2006

                                               -10-

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, Esquire, do hereby certify that I served a copy of the foregoing Memorandum of Law in Support of David M. Rhodes Motion in Limine Pursuant to F.R.E. 401, 402, 403, 404(b) and 501 was served upon the following counsel of record by electronic mail on this 27th day of July, 2006:

Todd K. Hinkley, Esquire
Assistant United States Attorney
235 N. Washington Avenue
Scranton, PA   18503

  /s/ Patrick A. Casey